James S. Greenan, SBN 53648
Nelson S. Hsieh, SBN 177128
Ciprian Dogaru, SBN 220556
GREENAN, PEFFER, SALLANDER & LALLY LLP
6111 Bollinger Canyon Road, Suite 500
San Ramon, CA 94583
Telephone:   (925)866-1000
Facsimile:    (925)830-8787

Attorneys for Plaintiff Hudson Specialty Insurance Company

Wallace C. Doolittle, SBN 158116
LAW OFFICES OF WALLACE C. DOOLITTLE
1260 B Street, Suite 220
Hayward, CA 94541
Telephone: (510) 888-0600
Facsimile:   (510) 888-0606

Attorneys for Defendants Data Exchange Systems, LLC and Eric G. Swallow

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| HUDSON SPECIALTY INSURANCE COMPANY, a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DATA EXCHANGE SYSTEMS, LLC, a California Limited Liability Company; and ERIC G. SWALLOW, an individual,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM | Case No. C05-04195 SC<br><br>**STIPULATION FOR PROTECTIVE ORDER AND PROTECTIVE ORDER** |

Counsel for the parties in the above captioned action stipulate, subject to the approval of the Court, to the following protective order:

1.  In connection with the discovery proceedings in the above captioned action, the parties may designate any document, thing, material, testimony or other information derived

- 1 -
STIPULATED PROTECTIVE ORDER

1  therefrom, as confidential under the terms of this Stipulated Protective Order (hereinafter "Order").
2  This Order shall govern the handling of all documents, things, testimony or other information,
3  including all copies, excerpts and summaries thereof that are subject to discovery. Discovery
4  includes, without limitation, testimony adduced at depositions upon oral examination pursuant to
5  Fed. R. Civ. P., Rule 30, written responses to interrogatories pursuant to Fed. R. Civ. P., Rule 33,
6  documents produced pursuant to Fed. R. Civ. P., Rule 34, answers to requests for admission pursuant
7  to Fed. R. Civ. P., Rule 36, and testimony, documents and things provided pursuant to Fed. R. Civ.
8  P., Rule 45.

9        2.      The provisions of this Order shall apply to: (1) the parties in this action; and (2) any
10  third party producing or disclosing material(s) in this action who agrees to be, or is ordered by the
11  Court to be, bound by the terms of this Order.

12        3.      By designating a document, thing, material, testimony or other information derived
13  therefrom as confidential, under the terms of this Order, the party making the designation is
14  certifying to the Court that there is a good faith basis both in law and in fact for the designation
15  within the meaning of Federal Rule of Civil Procedure 26(g). Confidential documents shall be so
16  designated by stamping copies of the document produced to a party with the legend
17  "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multipage
18  document shall designate all pages of the document as confidential, unless otherwise indicated by
19  the producing party. In the case of interrogatory answers or responses to requests for admissions,
20  the designation shall be made by placing the legend "CONFIDENTIAL" on each page of any answer
21  that contains confidential information.

22        4.      Testimony taken at a deposition, conference, hearing or trial may be designated as
23  confidential by making a statement to that effect on the record at the deposition or other proceeding.
24  Arrangements shall be made with the court reporter taking and transcribing such proceeding to
25  separately bind such portions of the transcript containing information designated as confidential, and
26  to label such portions appropriately. Counsel attending a deposition who inadvertently fails to
27  designate any portion of the transcript as confidential materials on the record at the deposition shall
28  have thirty (30) days following mailing of the transcript by the court reporter, in which to correct the

- 2 -
STIPULATED PROTECTIVE ORDER

failure. Such correction and notice thereof shall be made in writing to the reporter, with copies to all other counsel, designating the portion(s) of the transcript that constitute confidential materials, and directing the reporter to mark them "CONFIDENTIAL." Until expiration of the aforesaid thirty (30) day period, all deposition transcripts shall be considered and treated as protected confidential materials.

5. Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of the above captioned action, and for no other purpose.

6. Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

(a) a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

(b) experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

(c) the Court and those employed by the Court (including Court reporters, stenographic reporters and Court personnel), in which case such information shall be filed under seal and kept under seal until further order of the Court;

(d) a witness at any deposition or other proceeding in this action; and

(e) any other person as to whom the parties in writing agree.

Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for each other party and for the parties.

7. Depositions shall be taken only in the presence of qualified persons.

8. The parties may further designate certain discovery material or testimony of a highly confidential and/or proprietary nature as "CONFIDENTIAL--ATTORNEY'S EYES ONLY"

(hereinafter "Attorney's Eyes Only Material"), in the manner described in paragraphs 3 and 4 above. Attorney's Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, to counsel for the parties (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" listed in subparagraphs 6(b) through (e) above, but shall not be disclosed to a party, or to an officer, director or employee of a party, unless otherwise agreed or ordered. If disclosure of Attorney's Eyes Only Material is made pursuant to this paragraph, all other provisions in this order with respect to confidentiality shall also apply.

9. When a party providing documents inadvertently fails to mark Confidential documents "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEY'S EYES ONLY" at the time of the production, the party shall have a reasonable amount of time within discovery to correct its failure. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item, appropriately marked.

10. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

11. If Confidential Material, including any portion of a deposition transcript designated as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEY'S EYES ONLY" is included in any papers to be filed in Court, such papers shall be labeled "CONFIDENTIAL--SUBJECT TO COURT ORDER" and filed under seal until further order of this Court.

12. In the event that any Confidential Material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

13. This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under FRCP 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in

STIPULATED PROTECTIVE ORDER

any way in any future application for modification of this Order.

14.  Nothing in this Order shall require disclosure of materials that counsel for a party or a third party contends is not relevant to the subject matter of the above captioned action, or materials protected from disclosure by the attorney-client privilege or the attorney work-product immunity. This shall not preclude any party from moving the Court for an Order directing the disclosure of such material.

15.  This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or nonconfidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

16.  This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Within sixty (60) days after final termination of this case, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as Confidential and all copies of same, or shall certify the destruction thereof.

IT IS SO STIPULATED.

Dated:   May 1, 2006

GREENAN, PEFFER, SALLANDER & LALLY LLP

By: _____
James S. Greenan
Attorneys for Plaintiff Hudson Specialty Insurance Company

Dated: May 1, 2006

LAW OFFICE OF WALLACE DOOLITTLE

By: /s/ Wallace C. Doolittle
Wallace C. Doolittle
Attorney for Data Exchange Systems, LLC and
Eric Swallow

## ORDER

For good cause appearing and as requested by the parties, the foregoing stipulation for a protective order is the protective order entered by the Court in this matter.

Dated: _____ May 5 _____, 2006



IT IS SO ORDERED
Judge Samuel Conti